NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2020[*]
Decided March 26, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2515

| | |
|---|---|
| LISA WILLIAMS,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Railroad Retirement Board. |
| *v.* | No. 18-AP-0004. |
| UNITED STATES RAILROAD<br>RETIREMENT BOARD,<br>    *Respondent*. | |

**O R D E R**

Lisa Williams, the daughter of a deceased railroad employee, petitions this court to review the Railroad Retirement Board's denial of her application for a survivor annuity. Because the Board's decision is supported by substantial evidence, we affirm.

In July 2016, more than 30 years after her mother's death, Williams applied for a child's survivor annuity under the Railroad Retirement Act of 1974. *See* 45 U.S.C.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

§ 231a(d)(1)(iii). Under the Act, a child of a deceased railroad employee is entitled to a survivor annuity if the employee, at the time of his or her death, had completed 120 months of railroad service and had a current connection with the railroad industry. *Id.* § 231a(d)(1); 20 C.F.R. § 216.71(a). Williams's mother was credited, however, with only 107 months' service. A hearing officer denied Williams's application for a survivor annuity because her mother did not have the required 120 months of railroad service, as reflected by compensation records from her mother's railroad employer.

Williams appealed to the Railroad Retirement Board, disputing the accuracy of the 107-month calculation (based on unspecified system errors) and arguing that her mother was denied the opportunity to reach 120 months of service (based on what Williams characterizes as discrimination, wrongful termination, and unspecified debilitating illness). The Board adopted and upheld the hearing officer's decision that Williams's mother lacked the requisite length of railroad service. As for Williams's wrongful-termination contention, the Board added that it was outside the Act's purview. And the Board determined any dispute over the accuracy of her mother's compensation and service records—or any request to amend those records based on wrongful termination or discrimination—was untimely because requests to correct compensation records must be made within four years of the Board receiving the records. *See* 45 U.S.C. § 231h; 20 C.F.R. § 211.16.

On appeal, Williams concedes that her mother did not complete 120 months of qualifying railroad service, but she maintains that the railroad employer prevented her mother from meeting that threshold when it wrongfully terminated and otherwise discriminated against her based on her race and illness. We have jurisdiction over this appeal under 45 U.S.C. § 231g and § 355(f) and will overturn the Board's decision only if it is unsupported by substantial evidence or has no reasonable basis in the law. *See Duncan v. U.S. R.R. Ret. Bd.*, 787 F.3d 400, 406 (7th Cir. 2015); *Weyerhaeuser Co. v. U.S. R.R. Ret. Bd.*, 503 F.3d 596, 601 (7th Cir. 2007).

Williams's appeal is doomed because the Act's text does not allow an exception to the 120-month service requirement. *See* 45 U.S.C. § 231a(d) (survivor annuity is available only to "survivors of a deceased employee who will have completed ten years of service"). And here substantial evidence supports the Board's determination that Williams's mother did not accumulate the necessary length of service. Compensation records provided by her railroad employer to the Board show that Williams's mother had 107 qualifying service months. Williams no longer disputes the records' accuracy, and regardless, the records became conclusive four years after the railroad employer

provided them to the Board. *See* 45 U.S.C. § 231h; 20 C.F.R. § 211.16. Williams urges us to consider the reasons why her mother did not reach 120 service months, but such an inquiry is beyond the scope of the Act, which authorizes the Board to determine only whether a railroad employee qualifies for an annuity under the Act. *See* 45 U.S.C. § 231f; *Herzog Transit Servs., Inc. v. U.S. R.R. Ret. Bd.*, 624 F.3d 467, 471–72 (7th Cir. 2010) (purpose of the Act is to provide a system of annuity for qualifying railroad employees and the Board's role is to administer the Act and adjudicate claims for benefits). Here, substantial evidence supports the Board's determination that Williams's mother did not meet the Act's requirements, and no error of law undermines that decision.

                                                                                                AFFIRMED